## IN THE  UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE HUSBAND, | : | CIVIL NO. 3:14-CV-177 |
| | : | |
| Plaintiff, | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| D. KNAPP, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims.  As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or

meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field. Jones v. Bock, 549 U.S. 199, 204( 2007). Upon consideration of this case, we conclude that it has been shown that the plaintiff has had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). We further find that Husband has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g). Having made these findings, we recommend that the Court grant this motion to revoke Husband's *in forma pauperis* status.

## II.   Statement of Facts and of the Case

"Eunice Husband is an angry, combative inmate with a phobic fear of blood borne contagion." Husband v. Knapp, 314CV177, 2014 WL 1515763, *1 (M.D. Pa. Feb. 5, 2014) report and recommendation adopted, 3:14-CV-00177, 2014 WL 1572395 (M.D. Pa. Apr. 17, 2014). This anger, in turn, has led to litigation by Husband, much of which is "focused upon his contentious relationship with his

former cellmates at this facility, and his preference to be housed in a cell without cellmate.  As described by Husband, these issues have manifested themselves in several ways [thus], Husband reports that he has been involved in at least three fights with cellmates between April and August 2013." Id.

On February 3, 2014, Husband, who is proceeding *pro se*, commenced this, his latest federal civil rights lawsuit.  (Doc. 1.)  Husband's complaint, which he later amended on April 30, 2014, alleged, *inter alia*, returned to familiar themes for the plaintiff and alleged that prison staff had coerced him to accept cellmates on a number occasions in the Spring and Summer of 2013, months prior to the filing of this complaint.  (Id.)  Thus, none of these concerns recited by Husband appeared to be of an imminently life-threatening nature since these events had occurred many months ago.  (Id.)

Husband's motion for leave to proceed *in forma pauperis*, in turn, acknowledged that the plaintiff has had three or more prior cases dismissed as frivolous.  (Doc. 2, ¶3.)  While conceding that he was subject to §1915(g)'s three strike rule, Husband sought to avoid the legal implications of his past history of frivolous litigation by reciting his prior history of violent confrontations with other inmates, and claiming that he could have been killed or injured in these past altercations.  (Id.)

3

Given Husband's concession that he is subject to this three strikes rule, the defendants have now moved to revoke Husband's *in forma pauperis* status.  (Doc. 24.)  This motion reveals that Husband has had at least four prior cases in three different federal courts dismissed as frivolous or as failing to state a claim upon which relief may be granted.  Husband v. Northeast Ohio Correctional Center, No. 4:09-cv-1718-SL (N.D. Ohio Nov. 30, 2009) (dismissed upon initial screening for failure to state a claim); Husband v. Lovett, No. 9:05-cv-1564-TLW (D.S.C. Apr. 28, 2006) (granting motion to dismiss for failure to state a claim); Husband v. Raffety, No. 2:09-cv-106-JPB (N.D.W. Va. May 15, 2010) (dismissed upon initial screening for failure to state a claim); and Husband v. Watts, No. 2:10-cv-04-JPB (N.D. W.Va. May 13, 2010) (granting motion to dismiss for failure to state a claim).  Furthermore, this motion also discloses that at least one other federal court has denied Husband leave to proceed *in forma pauperis* based upon his past history of frivolous and feckless filings.  Husband v. Dixon, E.D. Ky. Civ. No. 6:14-32-GFVT).  (Doc. 24, Exhibit C.)

Husband has now responded to this motion, albeit in a fashion which does not contest that he is subject to §1915(g)'s three strikes rule due to his history of frivolous filings.  (Doc. 29.)  Instead, Husband recites his past history of affrays with fellow inmates in 2013 as the grounds for his fear of imminent injury.  Beyond these

4

dated and temporally remote allegations, Husband offers very little to support his claim that he feared imminent serious bodily injury in February of 2014 when he commenced this lawsuit.  Indeed, Husband's response to this motion to revoke his *in forma pauperis* status merely asserts that on three occasions in June and October 2014, months after he filed this lawsuit, he was housed or placed in a recreation areas with an inmate that he subjectively deemed to be threatening. (Id., ¶¶3(a)-(c).) Notably missing from Husband's pleading, however, is any allegation that Husband suffered actual violence or injury either to himself or to any other prisoner, as a result of these three housing and prison placement decisions which occurred months after the filing of this lawsuit.  Thus, it is upon this thin reed that Husband alleges that he faced an imminent threat of serious bodily injury in February 2014 when he filed this case.

For the reasons set forth below, we believe that Husband has not sufficiently alleged or shown that he is in imminent damage of serious bodily harm.  28 U.S.C. §1915(g).  Therefore, given the undisputed fact that Husband has repeatedly filed frivolous and meritless claims in the past, as undeniably qualifies for denial of his in forma pauperis privileges under §1915(g), this motion to revoke leave to proceed *in forma pauperis* should be granted.

### III.   Discussion

### A.   28 U.S.C. §1915(g)– The Legal Standard

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like Husband who seek leave to proceed *in forma pauperis*.  28 U.S.C. §1915A.  One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock, 549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation.  Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001).  With this goal in mind, it is well-settled that, "generally, a prisoner

may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir. 2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed.  Id.

When adjudicating a motion to revoke an inmate's *in forma pauperis* status, the parties face shifting burdens of proof, production and persuasion.  At the outset:

> [T]he initial production burden rests with the defendants.  Thus, when challenging a prisoner's *IFP* status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and, therefore, counts as a strike.  However, in many instances, the docket records will not reflect the basis for the dismissal.  In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g).  Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike.

> Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Moreover, in determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit.  Thus, only

dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of §1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the Court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint

8

reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014). Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against a prisoner-plaintiff. As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Thus, a summary judgment dismissal of an action typically will not count as a strike

under §1915(g), unless the summary judgment decision, on its face, dismissed the

action as frivolous malicious or for failure to state a claim.  Parks v. Samuels, 540 F.

App'x 146, 150 (3d Cir. 2014) citing Blakely v. Wards, 738 F.3d 607 (4th Cir.2013)

(en banc).

In addition, by its terms, §1915(g):

> [S]peaks of possible strikes only in terms of "an action or appeal ... that
> was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g).
> Thus, "[u]nder the plain language of the statute, only a dismissal may
> count as a strike, not the affirmance of an earlier decision to dismiss."
> Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780
> (10th Cir.1999).  Also, . . . , "[t]he choice of the word 'dismiss' rather
> than 'affirm' in relation to appeals was unlikely an act of careless
> draftsmanship," but rather may be "most plausibly understood as a
> reference to section 1915(e)(2), which requires the court to '*dismiss* the
> case at any time if the court determines that ... the action *or appeal* ... is
> frivolous or malicious; [or] fails to state a claim on which relief may be
> granted.' "  Thompson, 492 F.3d at 436 (emphasis and alterations in
> original) (quoting 28 U.S.C. § 1915(e)(2)(B)(i), (e)(2)(B)(iii)).
> Therefore, a dismissal of an appeal on one of the enumerated grounds
> counts as a PLRA strike, while an affirmance of a district court's
> dismissal does not, even if the underlying dismissal itself counts as a
> strike.

> Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) cert. denied, 134 S.
> Ct. 1547 (U.S. 2014)

Finally, the dismissal of a case without prejudice may nonetheless qualify as

a strike under §1915(g), provided that the other requirements of the statute are met

and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails

to state a claim." <u>Childs v. Miller</u>, 713 F.3d 1262, 1266 (10th Cir. 2013); <u>Smith v. Veterans Admin.</u>, 636 F.3d 1306, 1313 (10th Cir. 2011); <u>Day v. Maynard</u>, 200 F.3d 665, 667 (10th Cir.1999) (per curiam).  However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless there is also a finding of frivolousness.  <u>Butler v. Dep't of Justice</u>, 492 F.3d 440, 441 (D.C. Cir. 2007) <u>holding modified by</u> <u>Mitchell v. Fed. Bureau of Prisons</u>, 587 F.3d 415 (D.C. Cir. 2009)

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute.  But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing.  The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to §
> 1915(g).  To the contrary, a court may discredit "factual claims of
> imminent danger that are 'clearly baseless,' i.e., allegations that are
> fantastic or delusional and rise to the level of the 'irrational or wholly
> incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing
> Denton v. Hernandez, 504 U.S. 25, 33 (1992)).  The Supreme Court has
> directed that, in assessing a case under 28 U.S.C. § 1915, we are not
> required to accept without question the truth of the plaintiff's
> allegations.  See Denton, 504 U.S. at 32.  Rather, we may be guided by
> judicially noticeable facts in determining whether the allegations are
> baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

Further, "[i]n making this imminent danger assessment, '[a] court need not

accept all allegations of injury made pursuant to § 1915(g).  To the contrary, a court

may discredit 'factual claims of imminent danger that are "clearly baseless," i.e.,

allegations that are fantastic or delusional and rise to the level of the "irrational or

wholly incredible." ' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton

v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992))." Brown v.

City Of Philadelphia, 331 F. App'x at 900.  "Instead, ' "[i]mminent" dangers are

[only] those dangers which are about to occur at any moment or are impending.' "

Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173,

2011 WL 766937 (M.D.Pa. Feb.25, 2011).  Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir.2002)." <u>Banks v. Crockett</u>, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007). <u>Kelly v. Bush</u>, 1:12–CV–1245, 2012 WL 4017995 (M.D.Pa. July 2, 2012) <u>report and recommendation adopted</u>, 1:12–CV–1245, 2012 WL 4017998 (M.D.Pa. Sept.12, 2012), <u>appeal dismissed</u> (Nov. 20, 2012).  <u>See</u> <u>McClain v. Mosier</u>, 1:13-CV-3011, 2014 WL 2864963 (M.D. Pa. June 24, 2014).

### B.      <u>Application of §1915(g)'s Three Strike Rule  to This Lawsuit</u>

Applying these legal benchmarks, we find that the defendants have shown, and Husband concedes, that he has presently incurred three strikes.  Therefore, Husband is presumptively subject to revocation of his *in forma pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation.  Given that Husband is presumptively subject to more than three strikes due to the prior dismissal of numerous lawsuits which he has filed in the past, the plaintiff now "bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005).

In this case, given the facts alleged by Husband in his pleadings, the plaintiff simply has not carried this burden of proof and, therefore, cannot avail himself of the "imminent danger" exception to § 1915(g)'s preclusive effect.  As we have noted, in making this imminent danger assessment, "[a] court need not accept all allegations of injury made pursuant to § 1915(g).  To the contrary, a court may discredit 'factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." ' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998)." Brown v. City Of Philadelphia, 331 F. App'x at 900.  "Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011).  Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007).

Here, Husband's "imminent danger" claim fails on multiple scores.  First, to the extent that Husband relies upon injuries allegedly suffered in affrays with others months prior to the filing of this complaint in 2013, there is nothing imminent about

this danger.  Quite the contrary, the incidents alleged by Husband were notably remote in time, having now occurred many months ago.  Since "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending'" Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011), these allegations simply do not qualify as an imminent harm.  Furthermore, while Congress also did not define "serious physical injury," the courts have interpreted the meaning of the phrase to typically require some significant, and substantial risk to health or safety.  See e.g., Ibrahim v. District of Columbia, 464 F.3d 3, 7 (D.C. Cir.2006), (a "chronic disease that could result in serious harm or even death constitutes 'serious physical injury.'); Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir.2004),(HIV and Hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement.); Jennings v. Hall, 1:10-CV-110, 2010 WL 748239 (W.D. Mich. Mar. 3, 2010).  In our view, Husband's very general allegations regarding these 2013 episodes simply do not rise to the level of either imminent danger or serious physical injuries that is required under §1915(g).

Furthermore, beyond these temporally remote claims relating to affrays involving Husband and others in 2013, the plaintiff's opposition to this motion to revoke his *in forma pauperis* status relies solely upon three alleged occasions in June

and October 2014, months after he filed this lawsuit, when he was housed or placed

in a recreation area with an inmate that he subjectively deemed to be threatening.

(Id., ¶¶3(a)-(c).)   Notably missing from Husband's pleading, however, is any

allegation of actual violence or injury either to himself or to any other prisoner, as a

result of these three housing and prison placement decisions which occurred months

after the filing of this lawsuit.   Husband's subjective sense of threat from being

housed with others, standing alone and unaccompanied by any actual alleged injury,

simply cannot be considered an imminent threat of serious physical injury for

purposes of §1915(g).   See e.g., Rittner v. Kinder, 290 F. App'x 796, 798 (6th Cir.

2008)(verbal threats and harassment  do not qualify as an imminent threat of injury);

Burke v. Godinez, 13-CV-345-JPG, 2013 WL 1948068 (S.D. Ill. May 9, 2013)

motion for relief from judgment denied, 13-CV-345-JPG, 2013 WL 2468037 (S.D.

Ill. June 7, 2013); Jones v. Large, 7:05-CV-00496, 2005 WL 2218420 (W.D. Va.

Sept. 13, 2005).  Therefore, this showing does not satisfy Husband's burden of proof

and persuasion.

In sum, finding that it has been shown that the plaintiff has undeniably had

three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), and further

finding that Husband has not sufficiently alleged or shown that he is in imminent

damage of serious bodily harm, 28 U.S.C. §1915(g), we recommend that the Court grant this motion to revoke Husband's *in forma pauperis* status.

## IV.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to revoke the plaintiff's leave to proceed *in forma pauperis* (Doc. 24.) be GRANTED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of December, 2014.

                              ***S/Martin C.  Carlson***
                              Martin C. Carlson
                              United States Magistrate Judge