THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 0 6 2015

PER _____
        DEPUTY CLERK

EUNICE HUSBAND,          :
                         :
        Plaintiff,       :
                         :
v.                       :       3:14-CV-00177
                         :       (JUDGE MARIANI)
D. KNAPP, et al.,        :
                         :
        Defendants.      :

## ORDER

AND NOW, THIS ____ DAY OF APRIL, 2015, upon *de novo* review of Magistrate Judge Carlson's Report and Recommendation, Plaintiff's Objections thereto, and all related documents, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Objections (Doc. 34) are **OVERRULED**.

    a. Plaintiff's Objections 2 and 5 continue to assert the claims that Plaintiff was in fact in imminent danger of serious physical injury under 28 U.S.C. § 1915(g) at the time of he filed the Complaint. However, the Report and Recommendation properly rejected these claims. Plaintiff cannot be considered to have been in "imminent danger of serious physical injury" at the time he filed the Complaint because the dangers complained of either occurred before the Complaint was filed or are too vague and speculative to be considered imminent dangers.

b. Objections 3 and 4 are meritless. Plaintiff admits to having three or more complaints dismissed by a Court of the United States on the grounds that they were "frivolous, malicious, or fail[] to state a claim." He admits this in other filings throughout the case. (*See, e.g.*, Mot. for IFP Status, Doc. 2, at 1; Reply to Defs.' Br. in Opp. to Pl.'s Objections to Rep. & Rec., Doc. 36, at 3.) In the absence of imminent danger, these dismissals constitute grounds to revoke his *in forma pauperis* status under the PLRA. Plaintiff's arguments to the contrary are merely attempts to collaterally attack these other courts' final and valid judgments. However, the PLRA only asks whether three previous actions were dismissed, not whether those dismissals can be justified by third parties.

c. Objection 1 is unnecessary, as Plaintiff's personal characteristics have no bearing on the legal issues raised in Defendant's Motion.

2. The Report and Recommendation (Doc. 31) is **ADOPTED**, for the reasons stated therein.

3. Defendants' Motion to Remove Plaintiff's IFP Status (Doc. 24) is **GRANTED**.

4. Plaintiff shall have **SIXTY (60) DAYS** from the date of this Order in which to pay the full amount of the filing fee.

5. The case is **REMANDED** to Magistrate Judge Carlson for further proceedings consistent with this Order.

6. Following remand, the case is **STAYED** until such time as Plaintiff's filing fee is fully paid.

_____
Robert D. Mariani
United States District Judge