IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE HUSBAND, | : | CIVIL NO. 3:14-CV-177 |
| | : | |
| Plaintiff, | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| D. KNAPP, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

The Prison Litigation Reform Act established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good."  Jones v. Bock,  549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims.  As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal

court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent danger of serious bodily harm.  28 U.S.C. §1915(g).

In the instant case, we performed this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field.  Jones v. Bock,  549 U.S. 199, 204( 2007).   Finding that it had been shown that the plaintiff had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), and further finding that Husband had not sufficiently alleged or shown that he is in imminent danger of serious bodily harm, 28 U.S.C. §1915(g), on December 18, 2014, we recommended that the district court revoke Husband's *in forma pauperis* status.  (Doc. 31.)

On April 6, 2015, the district court adopted this Report and Recommendation. (Doc. 37.)  In it order adopting this Report and Recommendation, the district court revoked Husband's *in forma pauperis* status, and gave the plaintiff 60 days in which to pay the filing fee.  (Id.)  By entering this order the district court followed what has been described as the:  "better course . . . to issue an order denying *in forma pauperis* status, directing payment of the fulfilling fee within a specified period and dismissing the complaint only if the litigant fails to pay the filing fee."  Gibbs v. Ryan, 160 F.3d 160, 162 n. 2 (3d Cir. 1998).

2

Husband did not comply with this order.  Instead, he lodged an improvident notice of appeal on April 20, 2015.  (Doc. 38.)  It has now come to our attention, that the court of appeals dismissed this appeal on June 16, 2015, for failure to prosecute and failure to pay the requisite filing fee.  (Doc. 40-1.)  Thus currently more than a year has now passed without action by Husband to prosecute this case, or comply with the Court's order directing him to pay the required filing fee.

On these facts, we recommend that this case now be dismissed.

## II.   <u>Discussion</u>

In this case, the district court has followed what is defined as the "better course" when addressing the claims of frequent frivolous filers like Husband.  It "issue[d] an order denying *in forma pauperis* status, [and] directing payment of the fulfilling fee within a specified period. . . ."  <u>Gibbs v. Ryan</u>, 160 F.3d 160, 162 n. 2 (3d Cir. 1998).

Husband has not complied with this order for the past 13 months.  Nor has he taken any steps to litigate these claims.  Thus, this case becomes the latest chapter in a history of frivolous litigation by the plaintiff.  On these facts, the Court should now impose the sanction approved by the court of appeals and " dismiss[] the complaint . . . if the litigant fails to pay the filing fee."  <u>Gibbs v. Ryan</u>, 160 F.3d 160, 162 n. 2 (3d Cir. 1998).  Indeed, this is the course routinely followed by the courts when

3

confronted by a frivolous filer who fails to comply with 28 U.S.C. §1915(g).  See e.g.,

Parker v. Barkman, No. 3:15-CV-2310, 2016 WL 3364739, at *2 (M.D. Pa. June 17,

2016); Kelly v. Merrill, No. 1:14-CV-2322, 2015 WL 438676, at *1 (M.D. Pa. Feb.

3, 2015), appeal dismissed (May 5, 2015); Keys v. Huber, No. 3:13-CV-1917, 2013

WL 5278352, at *2 (M.D. Pa. Sept. 17, 2013).

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

plaintiff's complaint be dismissed without prejudice for failure to pay the filing fee

or comply with this Court's order, and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen
> (14) days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all parties,
> written objections which shall specifically identify the portions of the
> proposed findings, recommendations or report to which objection is
> made and the basis for such objections.  The briefing requirements set
> forth in Local Rule 72.2 shall apply.  A judge shall make a de novo
> determination of those portions of the report or specified proposed
> findings or recommendations to which objection is made and may
> accept, reject, or modify, in whole or in part, the findings or
> recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis of

that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of August 2016.

***<u>S/Martin C.  Carlson</u>***
Martin C. Carlson
United States Magistrate Judge
